### GEORGE S. TURNER AND OTHERS v. C. MILLER.

1. MEASURE OF DAMAGES UPON BROKEN COVENANT OF WARRANTY. The measure of damages in a suit upon a general warranty of title to land, after an eviction of the vendee by superior title maintained in a suit against the vendee, is the purchase-money, with interest; attorney's fees, in the absence of an express stipulation to pay, will not be allowed.[*]

2. *Distinguished* from Rowe v. Heath (23 Texas, 620); and *dicta* in that case noticed.

ERROR from Colorado. Tried below before the Hon. Livingston Lindsay.

Suit by Miller against the heirs of Turner, on a broken covenant of warranty, in which he recovered from the heirs the sum of money paid, with interest, and the fees paid by Miller to his attorney, to defend the suit brought against him for the land. The only point in controversy was as to the liability of the warrantor for attorney's fees paid by the vendee to defend the title.

---

[*] The opinion in this case applies also to George S. Turner and others v. W. Miller, No. 448, and George S. Turner v. W. Neihous, No. 444.—

(No briefs have reached reporter for plaintiffs in error.)

*Foord, Thompson & McCormick*, for defendant in error.

ROBERTS, C. J.    This case is brought up as an "agreed "case" under the statute, presenting one question, which is, what is the measure of damages in a suit upon a general warranty of title to land, after an eviction of the vendee, by superior title, maintained in a suit against the vendee. (Paschal's Digest, Article 1516.)

The judgment was rendered upon, and in accordance with the following verdict: "We, the jury, find for the plaintiff "the sum of five hundred and fifty-four dollars and twenty-"four cents in gold, amount of purchase-money and cost due, "and the further sum of one hundred and six dollars, gold, at-"torney's fees paid by him."

In the agreement it is stated that "the precise point now "presented to the Hon. Supreme Court is as to the liability of "defendants in this action for attorney's fees expended by plaint-"iff, in the said suit of Key and wife above-named;" it being the suit in which the plaintiff, as vendee, was evicted.    The vendee upon being sued in the last-mentioned suit, did not give notice of it to his vendor.    This, however, has not been held to make any difference as to the measure of damages, but only as to the conclusive effect of the judgment of eviction, as matter of evidence. (Rawle on Cov. for Title, p.123. Note 2 Harrison, N. Y. Rep., 309.)

From the authority cited it would appear that attorney's fees taxed as costs of the suit are allowed in England, and also in America in those States generally where attorney's fees are taxed as costs.

As to the allowance of counsel's fees, not taxed, there is a difference of decision in different States.    In New York, and other States following its precedents, they are allowed as damages.    In Massachusetts, and other States following its precedents, they are not allowed.

(Rickert *v.* Snyder, 9 Wendell's R., 422. *Contra ;* Leffing-well *et al. v.* Elliott, 10 Pick., 204 ; Sedg. on Damg. Marg., p. 174 ; Rawle on Cov. of Title, 121–125.)

The rule has been laid down in covenants for title in this State, that upon failure of title the measure of damages is the purchase-money, with interest.

(Garrett *v.* Gaines, 6 Texas, 443 ; Hall *v.* York, 22 Texas, 643.)

In a case decided by this court, where there was a general warranty, and an eviction by suit, the vendee claimed and recovered counsel fees upon a special promise that the vendor would bear the expense of litigation, if the vendee would defend the suit, which he did, and failed by reason of a superior title. (Rowe *v.* Heath, 23 Texas, 620.)

In sustaining that case, Justice Wheeler in delivering the opinion, incidentally remarked : " And it seems from the au-" thorities that he was so entitled (to recover the attorney's fees) " without proving any contract or express promise to that " effect, the more especially as he made defense at the instance " of the grantor. (Rawle on Covenants, 121–125.)" The case, however, was not decided on that intimation, but expressly upon the special contract to pay counsel fees.

We have been referred to no case in our reports, wherein counsel fees have been allowed as damages in a suit upon a general warranty alone, and have found none such.

Chancellor Kent, in his Commentaries, states the rule of damages to be the purchase-money and interest thereon. He arrives at it by reference to the rule on the ancient warranty at common law, which was. to restore to the party evicted other land of equal value, estimating it at the time the warranty was made. Hence he says in reference to the personal covenants of warranty now in use: " The buyer on the covenant of seizure " recovers back the consideration money and interest, and no " more." (4 Kent's Com., 475.)

The same view is presented by him in his opinion in an early case decided in the State of New York. In the same

case Justice Livingston delivered an opinion in which the view was advanced, that counsel fees were allowable, though from the facts of the case as reported, it does not appear whether counsel fees were embraced in the recovery or not. (Staats v. Executors of Ten Eyck, 3 Caines' R., 115 and 117.)

By the Supreme Court of Louisiana it was said: " We have " had occasion repeatedly to state, that the law does not ordi- " narily allow fees of counsel who are employed to vindicate " the rights of parties. (Hale v. The City of New Orleans, 13 La. An. Rep., 502.)

We are of opinion that the correct rule is, and should be, not to allow counsel fees in a suit on a general warranty, as in this case, when there is no question of fraud, imposition, or malicious conduct involved. A tract of land or a lot may be sold for a few hundred dollars, both parties believing the title to be good. Its value may be enhanced fifty-fold by improve- ments, and by the rise of property. The defense of the title may require the expenditure in counsel fees of an amount many times greater than that of the purchase-money of the land or lot and the interest thereon. The value of the im- provements, far more than of the land, would furnish the esti- mate of the counsel fees in defending the title. If these coun- sel fees were allowed, as against the warrantor, it would often be hazardous in the extreme to sell lands or lots at any price that purchasers could afford to give for land upon which to make valuable improvements.

Whether it be considered in reference to principle, prece- dent, or practical operation, the rule as to the measure of damages in such a case as this, should exclude the counsel fees expended in defending the suit of eviction by the vendee, when he sues the vendor upon his general warranty of title.

This being an agreed case, and the counsel fees that were allowed having been designated separately in the verdict and judgment, being the sum of one hundred and six dollars, gold, it is ordered and adjudged that the judgment be reversed and

reformed, omitting therefrom the said amount of counsel fees.

Reversed and reformed.

Justice Moore did not sit in this case.