G. W. SHERRICK v. G. A. WYLAND ET AL. ·

Delivered September 24, 1896.

**1. Damages—Attorney Fees Not Recoverable.**

Plaintiffs bought certain lots upon the representation of their vendor that they were free of incumbrance, and having ascertained that a prior vendor's lien thereon had not been released, they employed an attorney to procure such release, paying him a fee therefor. The release afterwards furnished them was prepared by the attorney of the vendor. Held, that plaintiffs could not, in an action of damages against the vendor for false representations, recover the amount of the attorney fee so paid.

**2. Same—Prospective Profits—Rents.**

Nor could plaintiffs recover for rents they might have received from the lots had they placed improvements thereon, which they were deterred from doing because the lien had not been released.

APPEAL from the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*Kittrell & Allen*, for appellant.

[No brief for appellee reached the Reporter.]

WILLIAMS, ASSOCIATE JUSTICE.—Appellees sued appellant to recover damages for fraud and deception practiced upon them by appellant in the sale of lots in Houston. The alleged fraud consisted of the representation that the title was clear, and that the lots were free from incumbrances, and the concealment of the fact that there existed upon them a vendor's lien in favor of parties from whom appellant had purchased. The damages alleged consisted of a fee of one hundred dollars, paid by appellees to an attorney to procure from the holders of the lien a release thereof, after appellees had learned of its existence, and profits which plaintiff claimed they would have realized by improving and renting the lots, had they not been deterred from making the improvements by fear of the lien. They were allowed to recover these claims as actual damages. We are of the opinion that this was error. In neither instance was the loss the proximate consequence of the alleged fraud. It has often been ruled, in this State and elsewhere, that fees of counsel incurred in prosecuting a suit for or defending against a wrong, are not

ordinarily recoverable as actual damages, because they are not considered proximate results of such wrong. Landa v. Obert, 45 Texas, 547; Railway v. Oram, 49 Texas, 346; Findley v. Mitchell, 50 Texas, 147; Railway v. Ware, 74 Texas, 50; Flack v. Neill, 23 Texas, 253.

In cases where the wrong consists of a malicious act or the perpetration of a fraud in which punitory damages are claimed, evidence of such losses is admissible to be considered by the jury in determining the amount which should be allowed as such damages. If suit had been brought to enforce the vendor's lien and appellees had unsuccessfully defended it and had lost the land, they could not, in a suit upon the warranty, have recovered of appellant fees paid to counsel for making such defense, without showing some agreement by which appellant had undertaken to pay them. Turner v. Miller, 42 Texas, 418; Rowe v. Heath, 23 Texas, 620.

In this case, as soon as appellees learned of the existence of the lien, appellant agreed to procure a release. One of the holders of the lien resided in Houston, and at once agreed to execute the release. and assured appellees that the others, who resided abroad, would do so, and the release, as prepared by an attorney, acting not for appellees, but for appellant, was executed and delivered. Some delay occurred because of difficulty in reaching the others jointly interested in the lien, and, in the meantime, appellees employed an attorney to assist in getting the release. None of the parties interested ever refused to execute it, or sought to enforce it against appellees. Under these circumstances no recovery of the fee paid the attorney as actual damages could be had. In regard to the other claim, appellant Wyland testified that but for the lien he could have improved the lots and derived thirty dollars per month rents from them as improved. It is plain that this rent would have been derived, partly at least, from the improvement, and not wholly from the land, and, of course, appellees could not recover for returns which would have resulted from outlays which they did not make. We think, however, this was simply the failure to realize a profit which resulted from a cause voluntarily and necessarily chosen by appellees, and was not the direct and immediate consequence of the alleged wrong of appellant. This claim, as well as that for the attorney's fee, is too remote and cannot be recovered. Because the verdict is unwarranted by law, the judgment is reversed and the cause remanded.

*Reversed and remanded.*