ADAMS v. COX.

(Court of Civil Appeals of Texas. Austin. Nov. 13, 1912.)

1. COVENANTS (§ 130*)—ACTIONS FOR BREACH —DAMAGES.

Exceptions to pleas of set-off and reconvention, alleging a conveyance by plaintiff to defendant with warranty of title, a breach thereof that, by reason of the breach defendant was not the holder and owner of the superior title and was deprived of the rents and profits to his damage in a specified sum, and that by reason thereof he was unable to sell the premises, and that they depreciated in value to his damage, were properly sustained because not alleging proper items for recovery for breach of warranty.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 257; Dec. Dig. § 130.*]

2. COVENANTS (§ 130*)—ACTIONS FOR BREACH —DAMAGES.

The proper measure of damages for breach of warranty of title cannot exceed the value of the land, with interest from the time of sale.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 275; Dec. Dig. § 130.*]

3. COVENANTS (§ 132*)—ACTIONS FOR BREACH —DAMAGES.

Attorney's fees are not recoverable as an item of damages for breach of warranty of title in the absence of an express stipulation to pay them.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 260–262; Dec. Dig. § 132.*]

4. COVENANTS (§ 100*)—COVENANT OF WARRANTY—BREACH.

Where a vendor who warranted the title paid off an incumbrance on the premises and took a release thereof, his failure to record the release or deliver it to his vendee was not a breach of the warranty, since the payment of the incumbrance freed the title, whether the release was executed or not.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 139–155; Dec. Dig. § 100.*]

Appeal from Tom Green County Court; Oscar Frink, Judge.

Action by A. B. Cox against W. T. Adams. Judgment for plaintiff, and defendant appeals. Affirmed.

Cox & Cox, for appellant.

RICE, J. On the 9th of October, 1909, appellant executed his note for the sum of $282.90, payable to the order of appellee, one year after date thereof, bearing interest and providing for attorney's fees, and this suit was brought to enforce collection of same. Appellant defended chiefly on the ground that the note had been given in part payment for three certain lots in San Angelo, conveyed by appellee to him by deed, covenanting that he had an indefeasible fee-simple title therein, and warranting the title thereto. Appellant further alleged that said covenants were breached by appellee in this: That he had no such title to said premises, but, on the contrary, one Cornick was the legal owner and holder of two certain vendor's lien notes, executed by appellee secured by a vendor's lien on said lots, and that said Cornick at said time had superior title to same; but that on the 12th of October, 1909, after the execution and delivery of said deed, said Cornick executed and delivered to said appellee and one Autry a release of said vendor's lien notes, but that they unlawfully withheld from him said release, and refused and failed to have or permit said release to be recorded, whereby a cloud was cast on his title, requiring him, in order to remove same, to institute a suit in the district court of said county against them to recover said release; that judgment in said cause was not obtained until July 5, 1911; that he was compelled to employ counsel to represent him in said suit, and to pay him the sum of $50 for his services. Second. That by reason of the fact that said vendor's lien was still outstanding, and said release after its execution was withheld, he was not the holder and owner of the superior title to said premises from the date of said deed, to wit, October 8, 1909, until July 5, 1911, during which time he was deprived of the

rents and use of said premises, and from building on and improving the same, to his damage in the sum of $250. Third. That, during the time intervening between the date of said deed and the termination of said suit, he was unable to sell said premises on account of said cloud, and but for which he could have sold same for the sum of $750; and that during the pendency of said suit said premises depreciated in market value in the sum of $400, for which he sold same; that, had he been possessed of the superior title to said premises, he could have sold the same for the sum of $750, and that he was damaged in said amount on account of said cloud on his title, and the unlawful withholding of said release. Fourth. That at the time of the execution and delivery of said deed by appellee to him, and prior thereto, as an inducement for him to purchase said property, appellee represented to him that said lots were each 50 feet in width, making a total of 150 feet, while in truth and in fact one of said lots was only 11½ feet in width, making a total width of 111½ feet; that said representations were false, and that he was ignorant of the falsity thereof and relied upon the truth of same, by reason of which shortage defendant was further damaged in the sum of $250; all of which said items of damage, amounting to the sum of $950, he pleaded in offset and reconvention, praying for judgment in his favor against appellee for the difference between said amount and the amount of said note.

After pleas of privilege and to the jurisdiction urged by appellee were overruled, he specially excepted to defendant's cross-action, first, on the ground that attorney's fees were not recoverable in a suit for breach of warranty; second, that the second, third, and fourth items afforded no basis for recovery, because the same were speculative and not the proper measure of damages, and because it was not alleged that he was not in possession of said premises during the entire time. The court sustained the first three exceptions, overruling the fourth. A jury being waived, the court rendered judgment in favor of appellee for the full amount sued for, and against appellant on his cross-action, from which this appeal is prosecuted.

[1, 2] The only question for our consideration is the correctness of the ruling of the court on said demurrers. We think these several exceptions were all properly sustained, because, if it had been actually alleged and shown that there had been a breach of warranty of title, the proper measure of damages under the pleadings could in no event have exceeded the value of the land, with interest from the time of sale. See Sutton v. Page, 4 Tex. 147; Garrett v. Gaines, 6 Tex. 443; Durst v. Swift, 11 Tex. 283; Hall v. York, 16 Tex. 23; Id., 22 Tex. 643; Wheeler v. Styles, 28 Tex. 243; Anding v. Perkins, 29 Tex. 353; Turner v. Miller, 42 Tex. 420, 19 Am. Rep. 47; and Glenn v. Matthews, 44 Tex. 406.

[3] Nor can the claim for attorney's fees under any circumstances be allowed in such cases, in the absence of an express stipulation agreeing to pay same. See Turner v. Miller, supra.

[4] In the present case, however, it does not seem, from the allegations of appellant's answer, that there was any breach of warranty; his only claim for damages arising out of the alleged fact that the land was incumbered at the time of his purchase by two outstanding vendor's lien notes, which had been given by his vendor. These notes, however, as shown by his pleading, prior to the institution of the suit to remove cloud, had been paid off and satisfied by appellee, and a release thereof had been executed by Cornick to appellee, which freed the title from such incumbrance. Appellant's claim for damages was predicated alone upon the idea that he did not have the superior title to the land by reason of the fact that appellee withheld the release from record, and refused to deliver same to him. This contention is not well founded. The payment of the vendor's lien notes by his vendor inured to his benefit, and freed the title from said incumbrance, which gave him the superior title to the land, independent of the fact whether said release had been executed or not. The release only evidenced the fact of such payment, and appellee did not breach his covenant of warranty by reason of his failure to record or surrender said release, for which reason we hold that appellant had no cause of action against him thereon.

Believing that the court did not err in sustaining said demurrers, its judgment is in all things affirmed.

Affirmed.