### ROBERTS v. BELL. (No. 6729.)

(Court of Civil Appeals of Texas. San Antonio. April 5, 1922.)

1. Pleading ⬅34(3) — Reasonable intendment indulged in favor of pleading on exceptions.

Every reasonable intendment should be indulged in favor of the pleading and the sufficiency thereof on exceptions thereto.

2. Covenants ⬅125(3)—Measure of damages upon failure of title.

On failure of title, purchaser's measure of damages in the absence of an express contract is limited to a recovery of the purchase money and interest.

3. Contracts ⬅189—Vendor, having agreed to reimburse purchaser for paying taxes, interest, and penalties against land, liable for expenses of purchaser in trip to ascertain amount due.

Vendor having expressly agreed to pay purchaser the cost, expenses, and charges neces-

sary to be expended in paying off all charges, taxes, interest, and penalties against the land and to clear the record title thereto, was liable for expenses incurred by purchaser in making a trip in order to have record examined to ascertain exact amount due.

Appeal from Caldwell County Court; M. U. Smith, Judge.

Action by A. C. Roberts against C. O. Bell. Judgment of dismissal, and plaintiff appeals. Reversed and remanded.

E. B. Coopwood and Nye H. Clark, both of Lockhart, for appellant.

COBBS, J. This is an appeal from the action of the trial court in sustaining the defendant's exception to the first amended petition of the plaintiff, and dismissing plaintiff's suit for want of jurisdiction; the trial court holding that part of the cause of action alleged by the plaintiff could not be recovered under the law, and, after sustaining an exception to that portion of plaintiff's petition, plaintiff's remaining cause not being of an amount of $200, the county court dismissed the case for want of jurisdiction.

Plaintiff alleged that in August, 1917, he purchased certain lands from the defendant in Real county, Tex.; that the purchase was one of sale and exchange, the defendant taking in part pay for the Real county land a tract of land formerly owned by the plaintiff in Caldwell county, Tex.; that it was agreed at the time of the sale that each would keep possession of the land he had formerly owned until the 1st day of January, receive all of the fruits therefrom for that year, and pay all the taxes due on said land, and that the defendant would pay all interest penalties and charges due up to and including the year of 1917 to the state of Texas, there being a certain sum due to the state of Texas on the Real county land.

The petition of the plaintiff further alleges, in substance, that the defendant failed to comply with his agreement to pay the taxes on the Real county land and failed to pay to the state of Texas the interest and penalties due to it on said land, for the year 1917 and prior years, and that, to protect the title to his land and keep same from being sold for taxes and keep same from being forfeited to the state for nonpayment of interest, plaintiff was compelled to pay and did pay to the tax collector of Real county the sum of $69.39, and to the General Land Commissioner at Austin the sum of $126.83 as interest, all of which was due and owing by the defendant. No exception was filed by the defendant as to the above items in the plaintiff's petition.

Paragraph 6 of the plaintiff's petition is as follows:

"Plaintiff alleges that in December, 1917, the defendant came to Caldwell county, and to the tract of land sold and conveyed to him by the plaintiff with his family, stock and household goods and requested plaintiff to give him possession of said premises and falsely, for the purposes of gaining possession of said premises represented to the plaintiff that he had paid all taxes on said Real county land up to January 1, 1918, and had paid all interest, charges and penalties due on said land up to January 1, 1918, and further falsely and fraudulently represented that he had the receipt for such payment packed in his trunk and would surrender such receipt to plaintiff showing such payments as soon as he could get into the houses on said premises and unpack his household goods, and that relying upon such representations to be true plaintiff permitted the defendant to take possession of said premises, and after the defendant had taken possession of said premises, he stated to the plaintiff that he had not paid the taxes, interest, charges and penalties and further stated to plaintiff that he had falsely represented that he had paid such interest and taxes for the purposes of getting possession of said premises and at the time requested the plaintiff to pay such interest, charges, taxes and penalties due on said land in Real county up to January 1, 1918, for the defendant, and that he, the defendant, would pay back and reimburse to the plaintiff all sums so paid out by plaintiff, and in addition thereto would pay all cost, expenses and charges necessary to be expended in paying off all charges, taxes, interest and penalties against said land, and to clear the record title to the same. That acting upon the agreement made at the time of the sale and conveyance of said land and the promises, and agreements and statements made to the plaintiff by the defendant after the defendant had possession of the land in Caldwell county, Tex., the plaintiff proceeded at once to ascertain the condition of the taxes and back taxes charged against the Real county land, and what was due for interest, charges and penalties to the state of Texas, by the defendant on said land, but by reason of partial payments having been made by the defendant from year to year, the plaintiff was unable to ascertain by correspondence the condition of the record and the exact amount due to the state of Texas, for interest, charges and penalties, and by reason of the manner in which said land in Real county had been rendered for taxes, it was impossible to ascertain the exact amount of taxes, charges and penalties due on said land through correspondence, and it was absolutely necessary that the plaintiff make a personal trip to the county seat of Real county, Tex., a distance of 200 miles, and have the record examined, and a personal trip to the city of Austin, and have the records carefully examined before he could ascertain the exact amount due and payable against said land, and that he actually made said trips and did have the record carefully examined and did thereby ascertain the exact amount due, and paid the same as hereinbefore stated, and that in making said trips and in having the record examined the plaintiff paid out in cash the full sum of $50, which became necessary by reason of the defendant's negligence and failure to comply with his contract and the sum so paid out was a reasonable expense and charge."

The defendant filed an exception to paragraph 6 of plaintiff's "amended original petition, wherein the plaintiff attempts to charge the defendant with certain expenses incurred by the plaintiff in making certain trips to Austin, which said expenses amount to the sum of $50, and defendant says that the facts alleged in said paragraph No. 6 are not such as would constitute a cause of action against the defendant, and that said paragraph No. 6 should be stricken from the plaintiff's petition; that said allegations in said paragraph No. 6 are not made in good faith, but are falsely and fraudulently made in order that the matter in controversy in this suit would exceed $200 exclusive of interest for the purpose of giving this court jurisdiction; that the amount in controversy in this suit, including the $50 alleged in paragraph No. 6, which plaintiff attempts to charge this defendant with, is $242.32, exclusive of interest; that if the plaintiff is entitled to recover any sum from the defendant upon the facts alleged in said petition, plaintiff would not be entitled to recover a sum exceeding $192.32, exclusive of interest; that said sum is exclusively cognizable before a justice of the peace, which said court in this state has exclusive jurisdiction of all matters of controversy where the subject-matter does not exceed $200, exclusive of interest; that the filing of this suit in this court is a fraud upon this court and for the purpose to give jurisdiction wrongfully to this court, and this the defendant is ready to verify. Wherefore, defendant prays that said paragraph No. 6 of the plaintiff's original petition be in all things stricken therefrom, and that this court take no further jurisdiction of this case, and that the same be dismissed at the plaintiff's cost."

No evidence was offered at all to support the alleged fraud in respect to the amount sued for.

The court sustained the exception, and, because the amount therein left was below the jurisdiction of the court, the cause was dismissed.

[1] Every reasonable intendment should be indulged in favor of the pleading and the sufficiency thereof.

[2, 3] This claim is not predicated upon any breach of warranty, but upon an express agreement, made after the execution and delivery of the deed, to pay and reimburse the plaintiff in the necessary expenses incurred. This is a separate promise to pay money and is an obligation just as binding as any other promise to pay. The right to recover is not based upon the terms of general warranty, but on express agreement to pay such expenses thereafter for services performed. Rowe v. Heath, 23 Tex. 620. In the case of Turner v. Miller, 42 Tex. 420, 19 Am. Rep. 47, that doctrine is approved. But in so far

as the court held in Rowe v. Heath that attorney's fees might be recovered based upon the general warranty clause without alleging and proving an express promise, Judge Roberts, in Turner v. Miller, does not approve, but lays down the true rule to be, in the absence of an express agreement, that—

"The rule has been paid down in covenants for title in this state, that upon failure of title the measure of damages is the purchase money, with interest."

It must be borne in mind, too, that there is no express promise to pay any sum on the breach of any general warranty or to return any stipulated sum of money or property, the measure of damages on its breach being "the purchase money, with interest." This is bottomed on the sound doctrine of estoppel. To recover any other sum than the purchase money and interest, there must be an express contract. Sherrick v. Wyland, 14 Tex. Civ. App. 299, 37 S. W. 345.

The plaintiff alleged a cause of action within the jurisdiction of the court. It was error to sustain the exception for the reasons stated, and, for such error in the ruling of the trial court and dismissing the cause, the judgment is reversed, and the cause is remanded for another trial.