

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00242-CV

**PHARIA LLC,**

**Appellant**

 **v.**

**PHEN S. LY,**

**Appellee**

**From the 12th District Court**
**Madison County, Texas**
**Trial Court No. 081185001206**

## MEMORANDUM OPINION

Pharia, L.L.C. appeals from a judgment that denied its claims and awarded attorney's fees to Phen S. Ly. Pharia complains in this restricted appeal that the trial court erred in its award of attorney's fees because there was no basis for awarding attorney's fees in law or contract. Because we find that the award of attorney's fees was erroneous, we reverse the portion of the judgment that awarded attorney's fees to Ly, render judgment that Ly take nothing on his claim for attorney's fees, and otherwise affirm the judgment of the trial court.

Pharia filed suit against Ly to collect a credit card debt. Ly answered and asserted affirmative defenses of the statute of limitations and laches. Trial was before the trial court and, although notified of the setting, Pharia did not appear. The trial court entered a judgment that denied Pharia's claims and awarded attorney's fees to Ly. Pharia filed a restricted appeal complaining of the attorney's fees award.

*Restricted Appeals*

A party may prevail on a restricted appeal only if he establishes:

(1) he was a party to the lawsuit;

(2) he did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of;

(3) he did not timely file a postjudgment motion or request for findings of fact and conclusions of law;

(4) he did not file a notice of appeal within the time permitted by Texas Rule of Appellate Procedure 26.1(a);

(5) he filed notice of the restricted appeal within six months after the judgment was signed; and

(6) error is apparent on the face of the record.

TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). [1]

*Attorney's Fees*

Pharia complains that there was no basis for the trial court to award attorney's fees in the contract between the original creditor and Ly, nor pursuant to chapter 38 of

---

[1] There is no dispute that Pharia has met the requirements of rule 26.1(c)(1)-(5); therefore our review is restricted to whether the error is apparent on the face of the record.

the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 38 (West 2008). Pharia had purchased the debt and was undisputedly the owner of the obligation at the time it filed suit against Ly. Ly argues that the award of attorney's fees was proper based on equitable principles.

Whether a party may recover reasonable attorney's fees is a question of law for the trial court which we review *de novo*. *Brent v. Field*, 275 S.W.3d 611, 621 (Tex. App.—Amarillo 2008, no pet.) (*citing Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94, 95 (Tex. 1999)). It has long been the rule in Texas that attorney's fees paid to prosecute or defend a lawsuit cannot be recovered in that suit absent a statute or contract that allows for their recovery. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."); *Wm. Cameron & Co. v. Am. Sur. Co. of N.Y.*, 55 S.W.2d 1032, 1035 (Tex. Comm'n App. 1932, judgm't adopted) ("It is settled law in this state that, unless provided for by statute or by contract between the parties, attorneys' fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or a suit upon a contract."); *Sherrick v. Wyland*, 14 Tex. Civ. App. 299, 37 S.W. 345, 345 (Tex. Civ. App. 1896) ("It has often been ruled, in this state and elsewhere, that fees of counsel, incurred in prosecuting a suit for or defending against a wrong, are not ordinarily recoverable as actual damages, because they are not considered proximate results of such wrong."). The rule is known as the American

Rule.  *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) ("[P]arties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser.").

We have found nothing in the record to demonstrate any basis in contract or law to justify an award of attorney's fees.  We find that this is error on the face of the record as presented.  We sustain Pharia's sole issue.

*Conclusion*

The trial court's award of attorney's fees to Ly was erroneous; therefore, we reverse the portion of judgment of the trial court that awarded attorney's fees to Ly and render judgment that each party is to pay its own attorney's fees.  The trial court's judgment is otherwise affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and rendered in part, and otherwise affirmed
Opinion delivered and filed August 8, 2013
[CV06]