

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00241-CV

PHARIA LLC,

                                                            Appellant

 v.

DAVID C. CHILDERS,

                                                            Appellee

## From the 12th District Court
## Leon County, Texas
## Trial Court No. NOT-08-466

## MEMORANDUM OPINION

In this restricted appeal, Pharia, L.L.C. appeals from a judgment that denied its claims and awarded attorney's fees to David Childers. Pharia complains that its due process rights were violated because the trial court conducted the final trial without notice to it and that there is no basis for awarding attorney's fees in law or contract. Because we find that the trial court erred in its award of attorney's fees, we reverse the portion of the judgment that awarded attorney's fees to Childers, render judgment that

Childers take nothing on his claim for attorney's fees, and otherwise affirm the judgment of the trial court.

Pharia filed this action to collect a credit card debt owed by Childers. Childers answered and alleged that he was not a party to a contract with Pharia or its predecessors but had been the victim of identity theft. The trial court denied Pharia's claims and awarded the attorney's fees at a final hearing.

*Failure to Appear*

In its first issue, Pharia complains that it did not appear at the trial because it did not receive notice of the final trial setting in this matter, which it contends violated its due process rights. A party bringing a restricted appeal has the burden of proving that there is error apparent on the face of the record. *Brown v. Ogbolu*, 331 S.W.3d 530, 533 (Tex. App.—Dallas 2011, no pet.). When a party to a restricted appeal claims that he did not receive required notice, the error must appear on the face of the record, and "the absence of proof in the record that notice was provided does not establish error on the face of the record." *Ginn v. Forrester*, 282 S.W.3d 430, 432-33 (Tex. 2009) (per curiam). If a party needs extrinsic evidence to challenge a judgment, he must raise the issue by motion for new trial or by bill of review filed in the trial court to give the trial court an opportunity to consider the evidence related to the propriety of notice. *Id*. at 432.

Although Pharia asserts in its brief that it did not receive notice of the hearing, the face of the record does not speak to whether it received notice. We note that Pharia

did not raise this argument before the trial court by way of a bill of review. *See id.* Pharia's counsel attached an "affidavit" to his brief that states that he did not receive written notice of the hearing date of April 17,[1] but did receive a notice for May 7, which was attached as an exhibit to his affidavit. However, that evidence was not presented to the trial court and we may not consider it. Because the record does not affirmatively demonstrate that Pharia did not have notice of the final hearing, Pharia has not shown error that is apparent on the face of the record. We overrule issue one.

*Attorney's Fees*

In its second issue, Pharia complains that there was no basis for the trial court to award attorney's fees in a written contract or pursuant to chapter 38 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. Ch. 38 (West 2008). Pharia had purchased the debt and was undisputedly the owner of the obligation at the time it filed suit against Childers; however Childers contended that he never entered into a contract with Pharia's predecessor-in-interest. Childers argues that the award of attorney's fees was proper based on equitable principles.

Whether a party may recover reasonable attorney's fees is a question of law for the trial court which we review *de novo*. *Brent v. Field*, 275 S.W.3d 611, 621 (Tex. App.—Amarillo 2008, no pet.) (*citing Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94, 95 (Tex. 1999)). It has long been the rule in Texas that attorney's fees paid to prosecute or defend

---

[1] The trial court's docket sheet indicates that the trial was conducted on April 16; however, the judgment states that the trial was conducted on April 17. This discrepancy does not affect our analysis or ruling.

a lawsuit cannot be recovered in that suit absent a statute or contract that allows for their recovery. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."); *Wm. Cameron & Co. v. Am. Sur. Co. of N.Y.*, 55 S.W.2d 1032, 1035 (Tex. Comm'n App. 1932, judgm't adopted) ("It is settled law in this state that, unless provided for by statute or by contract between the parties, attorneys' fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or a suit upon a contract."); *Sherrick v. Wyland*, 14 Tex. Civ. App. 299, 37 S.W. 345, 345 (Tex. Civ. App. 1896) ("It has often been ruled, in this state and elsewhere, that fees of counsel, incurred in prosecuting a suit for or defending against a wrong, are not ordinarily recoverable as actual damages, because they are not considered proximate results of such wrong."). The rule is known as the American Rule. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) ("[P]arties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser.").

We have found nothing in the record to demonstrate any basis in contract or law to justify an award of attorney's fees. We find that this is error on the face of the record as presented. We sustain Pharia's second issue.

*Conclusion*

Because the trial court erred in awarding attorney's fees to Childers, we reverse the portion of the judgment that awarded the attorney's fees to Childers and render judgment that Childers take nothing on that claim.  Otherwise, we affirm the judgment of the trial court.


                                        TOM GRAY
                                        Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Reversed and rendered in part; affirmed in part
Opinion delivered and filed August 8, 2013
[CV06]