ACCEPTED
06-15-00041-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/17/2015 12:17:02 AM
DEBBIE AUTREY
CLERK

## CASE NO. 06-15-0041-CV

IN THE COURT OF APPEALS FOR THE
SIXTH APPELLATE DISTRICT OF TEXAS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/17/2015 9:00:00 AM
DEBBIE AUTREY
Clerk

## GEARY H. LEE, APPELLANT

## VS.

## ELIZABETH DEANNE HOLOUBEK, f/k/a ELIZABETH DEANNE LEE, APPELLEE

Appeal from the County Court at Law of

Rusk County, Texas

Cause No. 2012-09-449 CCL

## BRIEF OF APPELLANT

JOE SHUMATE
State Bar No.  18327500
JAMES J. ROSENTHAL
State Bar No. 24088801
107 North Main Street
P. O. Box 1915
Henderson, Texas  75653-1915
(903) 657-1416
(903) 655-8211
Attorney for Appellant

## ORAL ARGUMENT REQUESTED

## CERTIFICATE OF INTERESTED PARTIES

The undersigned counsel of record for Appellant certifies that the following listed persons have an interest in the outcome of this case. These representations are made so that this Court may evaluate possible disqualifications or recusal.

**APPELLANT**

Geary H. Lee, Appellant

**COUNSEL**

Joe Shumate (Lead Appellate Counsel)
State Bar No. 18327500
James J. Rosenthal (Counsel on the Brief)
State Bar No. 24088801
107 North Main Street
P. O. Box 1915
Henderson, Texas 75653
Tel: (903) 657-1416
Fax: (903) 655-8211

**APPELLEE**

Elizabeth Deanne Holubek

**COUNSEL**

Clay Wilder
State Bar No. 21462500
200 N. Main Street
Henderson, Texas 75652
Phone: (903) 657-0561
Fax: (903) 657-5088

**TRIAL COURT JUDGE**

Hon. Chad W. Dean
Rusk County Courthouse
115 North Main Street, Ste. 201
Henderson, Texas 75652
Tel: (903) 657-0344

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STANDARD OF REVIEW   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    1.    THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING APPELLEE A CONTINGENT ATTORNEY FEE IN A DOMESTIC RELATIONS CASE.

    2.    THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT THE ATTORNEY'S FEES AWARDED TO APPELLEE IN THE AMOUNT OF $30,774.27 WERE REASONABLE AND NECESSARY.

    3.    THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT RETIREMENT FUNDS AWARDABLE TO APPELLEE WOULD HAVE GROWN IN THE AMOUNT OF $29,660.48 BETWEEN 2006 AND 2015.

    4.    THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT A CONSTRUCTIVE TRUST (OR OTHER LIEN) SHOULD ATTACH TO THE APPELLANT'S FUNDS ON DEPOSIT WITH EDWARD JONES.

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

PRAYER FOR RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

# INDEX OF AUTHORITIES

**Cases**:                                                                                  **Pages**

Argonaut Ins. Co. v. ABC Steel Products,
582 S.W.2d 883 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). . . . . . . . . . . 27

Arthur Anderson & Co. v. Perry Equip. Corp.,
945 S.W.2d 812, 818 (Tex.1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

Baker Botts, L.L.P. v. Cailloux, 224 S.W.3d 723, 736
(Tex.App.–San Antonio 2007, pet. denied). . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

Brent v. Field, 275 S.W.3d 611, 621 (Tex. App.-Amarillo 2008, no pet.)  . . . . 5, 20

Brockie v. Webb, 244 S.W.3d 905, 909 -910 (Tex.App.–Dallas,2008) . . . . . . . . . 5

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.,
532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001)  . . . . . . . . . . . . . . 21

Burnside Air Conditioning v. T.S. Young, 113 S.W.3d 889, 897–98
(Tex.App.-Dallas 2003, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26, 27

Castle Texas Prod. Ltd. P'ship v. Long Trusts,
134 S.W.3d 267, 278-79 (Tex. App.—Tyler 2003, pet. denied). . . . . . . . . . . . . . 27

Day v. Day, 603 S.W.2d 213, 215 (Tex., 1980) .. . . . . . . . . . . . . . . . . . . . . . . . . . 24

Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 139 (Tex.1977) . . . . . . . . . . . . . . . . . 2

Giles v. Cardenas, 697 S.W.2d 422, 429-430 (Tex.App. 4 Dist.,1985). . . . . . . . . 25

Hays & Martin, L.L.P. v. Ubinas–Brache, M.D.,
192 S.W.3d 631, 636 (Tex.App.-Dallas 2006, pet. denied) .. . . . . . . . . . . . . . . . 27

Huie v. DeShazo, 922 S.W.2d 920, 927–28 (Tex.1996). . . . . . . . . . . . . . . . . . . . . 2

In re Wells, 294 Fed. Appx. 841, 845 (5th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . 25

Kostelnik v. Roberts, 680 S.W.2d 532, 534
(Tex. App.—Corpus Christi 1984), writ refused NRE (Jan. 16, 1985) . . . . . . . . . 34

Landram v. Robertson, 195 S.W.2d 170, 174
(Tex. Civ. App.—San Antonio 1946), writ refused NRE. . . . . . . . . . . . . . . . . . . 34

Material P'ships, Inc. v. Ventura, 102 S.W.3d 252, 257
(Tex.App.– Houston [14th Dist.] 2003, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . 3

Merrell Dow Pharmaceuticals, Inc. v. Havner,
953 S.W.2d 706, 711, 40 Tex. Sup. Ct. J. 846 (Tex. 1997). . . . . . . . . . . . . . . . . . 3

Murff v. Murff, 615 S.W.2d 696 (Tex. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Patel v. Kuciemba, 82 S.W.3d 589, 594
(Tex. App.—Corpus Christi 2002, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . 31

Plas-Tex, Inc. v. U.S. Steel Corp.,
772 S.W.2d 442, 445, 32 Tex. Sup. Ct. J. 329 (Tex. 1989). . . . . . . . . . . . . . . . . . 3

Pool v. Ford Motor Co.,
715 S.W.2d 629, 635, 29 Tex. Sup. Ct. J. 301 (Tex. 1986). . . . . . . . . . . . . . . . . . 4

Rankin v. Naftalis, 557 S.W.2d 940, 944 (Tex. 1977). . . . . . . . . . . . . . . . . . . . . . 34

Schlueter v. Schlueter, 975 S.W.2d 584, 589 (Tex.1998) . . . . . . . . . . . . . . . . . . . 2

Sherrick v. Wyland, 14 Tex. Civ. App. 299,
37 S.W. 345, 345 (Tex. Civ. App. 1896) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Smith v. Smith, 22 S.W.3d 140, 143–44
(Tex.App.-Houston [14th Dist.] 2000, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Southland Life Ins. Co. v. Norton, 5 S.W.2d 767
(Tex.Comm'n App.1928, holding approved). . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Tate v. Tate, 55 S.W.3d 1, 5-6 (Tex.App.– El Paso 2000, no pet.) . . . . . . . . . . . . . 2

Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 310-11 (Tex. 2006) . . . . . 20

Wal–Mart Stores, Inc. v. Miller, 102 S.W.3d 706, 709 (Tex.2003). . . . . . . . . . . . . 3

Wittau v. Storie, 145 S.W.3d 732, 735
(Tex. App.—Fort Worth 2004, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24-25

Wm. Cameron & Co. v. Am. Sur. Co. of N.Y.,
55 S.W.2d 1032, 1035 (Tex. Comm'n App. 1932, judgm't adopted) . . . . . . . . . . 20

Worford v. Stamper, 801 S.W.2d 108, 109 (Tex.1990). . . . . . . . . . . . . . . . . . . . . 2

Wuagneux Builders, Inc. v. Candlewood Builders, Inc.,
651 S.W.2d 919, 922 -923 (Tex.App. 2 Dist.,1983) . . . . . . . . . . . . . . . . . . . . . . 27

**Statutes and Rules**:                                                    **Pages**

1.     TX ST RPC Rule 1.04. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

2.     TX R EVID Rule 801. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

3.     TX R EVID Rule 802. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

4.     TX R EVID Rule 803(17). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 31

5.     Family Code § 9.205. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## STATEMENT OF THE CASE

This is an appeal from a Judgment entered upon Petitioner's Fourth Amended Petition for Division of Property Not Divided on Divorce, entered on May 14, 2015, by the County Court at Law of Rusk County, Texas, the Honorable Chad W. Dean, presiding. 1 CR 41-42. Petitioner/Appellee originally filed this instant underlying action on or about September 13, 2012. 1 CR 5-13. Trial was conducted on April 30, 2015. 1 CR 41; 1 RR 1. The trial court made its Findings of Fact and Conclusions of Law in response to Respondent/Appellant's request on or about July 7, 2015. Respondent/Appellant, Geary H. Lee, commenced this appeal by notice filed on July 24, 2015.

For consistency and ease, the Reporter's Record will be cited as "[Vol #] RR [Page #s]:[Line #s]," and the Clerk's Record will be cited as "[Vol #] CR [Page #s]:[Line #s]." The Clerk's Record under the instant action– Rusk County Court at Law Cause No. 2012-09-449CCL– contains only the recent post-decree petition. For this reason, Appellant has requested the record be supplemented with the original divorce and post-decree petition filed under Rusk County Court at Law Cause No. 88-05-260CCL. The Supplemental Clerk's Record will be cited as "[Vol #] Supp. CR [Page #s]:[Line #s]."

## STANDARD OF REVIEW

The standard of review for property division issues in family law cases is generally abuse of discretion. A trial court has broad discretion in dividing the "estate of the parties," but must confine itself to community property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139 (Tex.1977).

The trial court's discretion to divide marital property upon divorce should be corrected on appeal only when an abuse of discretion has been shown. *Murff v. Murff*, 615 S.W.2d 696 (Tex. 1981); *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex.1998). A trial court abuses its discretion when it acts without reference to any guiding principles or acts in an arbitrary or unreasonable manner. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex.1990). To determine whether the trial court abused its discretion in its property division incident to divorce, the court should engage in a two-pronged inquiry: (1) Did the trial court have sufficient information upon which to exercise its discretion; and (2) Did the trial court err in its application of discretion? *See Tate v. Tate*, 55 S.W.3d 1, 5-6 (Tex.App.– El Paso 2000, no pet.).

The trial court has no discretion in making a determination of law or in the application of the law. Consequently, the trial court's erroneous legal conclusion, even in an unsettled area of the law, is an abuse of discretion. *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex.1996). The appellate court should review the trial court's

conclusions of law *de novo*.  *Smith v. Smith*, 22 S.W.3d 140, 143–44 (Tex.App.-Houston [14th Dist.] 2000, no pet.).  The standard of review for conclusions of law is whether they are correct. *Material P'ships, Inc. v. Ventura*, 102 S.W.3d 252, 257 (Tex.App.– Houston [14th Dist.] 2003, pet. denied).

In reviewing a legal sufficiency or no-evidence point of error, an appellate court must consider only the evidence and inferences tending to support the trial court's finding and disregard all contrary evidence and inferences. *See Wal–Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex.2003).  An appellate court should sustain a "no evidence" point when the record discloses one of the following: (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence, or (d) the evidence establishes conclusively the opposite of a vital fact.  *See Merrell Dow Pharmaceuticals, Inc. v. Havner*, 953 S.W.2d 706, 711, 40 Tex. Sup. Ct. J. 846 (Tex. 1997).

When conducting a factual sufficiency review, an appellate court must consider all of the evidence, including any evidence contrary to the verdict.  *Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 445, 32 Tex. Sup. Ct. J. 329 (Tex. 1989). Furthermore, an appellate court must reverse on the basis of factual insufficiency if

the trial court's finding is so against the great weight and preponderance as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635, 29 Tex. Sup. Ct. J. 301 (Tex. 1986).

Whether attorney's fees are awardable is generally a question of law subject to de novo review. *Brent v. Field*, 275 S.W.3d 611, 621 (Tex. App.-Amarillo 2008, no pet.) (citing Holland v. Wal-Mart Stores, Inc., 1 S.W.3d 91, 94, 95 (Tex. 1999)). Whether the amount of attorney's fees awarded is appropriate is generally reviewed under the abuse of discretion standard. *Brockie v. Webb*, 244 S.W.3d 905, 909 -910 (Tex.App.–Dallas,2008)

# ISSUES PRESENTED

1. THE TRIAL COURT ERRED AS A MATTER OF LAW IN AWARDING APPELLEE A CONTINGENT ATTORNEY FEE IN A DOMESTIC RELATIONS MATTER.

2. THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT THE ATTORNEY'S FEES AWARDED TO APPELLEE IN THE AMOUNT OF $30,774.27 WERE REASONABLE AND NECESSARY.

3. THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT RETIREMENT FUNDS AWARDABLE TO APPELLEE WOULD HAVE GROWN IN THE AMOUNT OF $29,660.48 BETWEEN 2006 AND 2015.

4. THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT A CONSTRUCTIVE TRUST (OR OTHER LIEN) SHOULD ATTACH TO THE APPELLANT'S FUNDS ON DEPOSIT WITH EDWARD JONES.

**STATEMENT OF FACTS**

**PROCEDURAL HISTORY AND BACKGROUND– CAUSE NO. 88-05-260-CCL:**

1.      Geary H. Lee and Elizabeth D. Holoubek (f/n/a "Lee") were married on or about April 6, 1974, and ceased to live together as husband and wife on or about May 11, 1988.  1 Supp. CR 4-6.

2.      Geary H. Lee originally filed for divorce on or about May 31, 1988 in the Rusk County, Texas County Court at Law, under Cause No. 88-05-260-CCL[1].  1 Supp. CR 4-6.

3.      The original Decree of Divorce was entered by then presiding Judge Darrell Hyatt, on August 3, 1988, following an apparent uncontested hearing on or about August 1, 1988.  1 Supp. CR 7-13.

4.      On or about December 4, 1992, Appellee, Elizabeth Holoubek, filed a Motion for Division of Property Not Divided on Divorce, by and through her attorney Clay Wilder, seeking a post-decree division of Appellant's retirement benefits from Texas Eastman Company.  1 Supp. CR 14-23.

---

[1] This cause number controlled the action until Appellee filed a Petition for Division of Property Not Divided on Divorce on or about September 13, 2012 under a new cause number.

5.     The trial court took testimony and argument in a hearing on or about October 12, 1993.  The court designated this as a "Clarification and modification" hearing in its docket.  1 Supp. CR 32.

6.     After allowing the parties time to brief the subject, the trial court entered the following handwritten memorandum in its docket on October 25, 1993: "Ct ruled. Mr. Lee award 65% of retirement + Mrs. Lee awarded $35%."  1 Supp. CR 33; 1 RR 25:7-15.

7.     No final order or judgment having been prepared, the post-decree clarification and division then moved by Appellee was set for dismissal docket for failure to prosecute on June 14, 1995.  1 Supp. CR 28, 33; 1 RR 25:16-21.

8.     On or about November 25, 1997, the matter was again ordered to be set on the dismissal docket on December 5, 1997.  1 Supp. CR 29, 33; 1 RR 25:22-25.

9.     On or about December 15, 1997, the matter was ordered dismissed for want of prosecution.  1 Supp. CR 30, 33; 1 RR 26:1-4.

10.    Appellant went to work for Texas Eastman on or about August 6, 1973, participating in the Eastman Retirement Assistance Plan Pre '98 from 1973 until 2006– roughly thirty-two and one half years.  1 RR 41:22–42:4; 1 RR 45:5-7; 1 RR 61:9–62:7.  Between 1973 and Appellant's retirement on or about February 1, 2006,

the total value of the retirement account was $306,306.00. 1 RR 41:13–44:20; 1 RR 54:21–55:8; 1 RR 69:20–70:1.

**FACTS RELATING TO THE INSTANT ACTION– CAUSE NO. 2012-09-449CCL**:

11. On or about September 13, 2012– almost twenty years after the first motion to divide was filed– Appellee filed a Petition for Division of Property Not Divided on Divorce– this time under Cause No. 2012-09-449CCL. 1 CR 5-12.

12. After several revisions, Appellee landed on her Fourth Amended Petition for Division of Property Not Divided on Divorce on or about April 26, 2015. 1 CR 32-36.

13. Therein, Appellee explained that this action was a continuation of the prior post-decree division ruling in October 1993 which awarded Appellee a 35% interest in Appellant's retirement benefits during the marriage. 1 CR 32.

14. Appellee alleged that Appellant had retired in or about February 2006, withdrawn the funds from the retirement plan, and attempted to interfere with Appellee's access to the funds thereafter. 1 CR 32-33.

15. The cause was set and heard, over the Appellant's request for a continuance, on or about April 30, 2015. 1 CR 37-40.

**THE JUDGMENT**

16.    Judgment in favor of the Appellee, Elizabeth Holoubek was entered of record on or about May 14, 2015.   1 CR 41-42.

17.    In pertinent part, the judgment awarded Appellee lump sum damages of $75,935.68, and an additional award of $30,774.27 for Appellee's attorney fees.  1 CR 41.

18.    The trial court further impressed a lien upon "those accounts standing in the name of GEARY H. LEE, Respondent, at Edward Jones Investments to secure payment of those amount ordered herein."  1 CR 42.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

19.    The following Findings of Fact were entered and approved by the trial court:

"1.    Petitioner [Appellee] was entitled to thirty-five percent (35%) of Respondent's [Appellant's] employment/retirement benefits accumulated during their marriage.

2.    Respondent [Appellant] retired from said employment on February 1, 2006 and completely withdrew one hundred percent (100%) of all said employment/retirement benefits, including those belonging to Petitioner.

3. Respondent [Appellant] would not deliver Petitioner [Appellee] her share of the asset, despite her demands for payment and held it without authority.

4. When Respondent [Appellant] retired and withdrew the accounts, Petitioner's [Appellee's] portion thereof was $47,275.20.

5. The reasonable rate of return for the nine (9) years that Respondent [Appellant] held Petitioner's [Appellee's] money was 5.6% per year, which produced additional damage to her of $29,660.48.

6. Petitioner incurred reasonable and necessary attorney's fees in connection with recovering her property." 1 CR 58.

20. The following Conclusions of Law were entered and approved by the trial court:

"1. Petitioner [Appellee] is entitled to recover of and from the Respondent [Appellant] the sum of $76,935.68.

2. Counsel for Petitioner [Appellee] is entitled to recover the sum of $30,774.27 for reasonable attorney's fees, said amount payable to the attorney.

3.    The indebtedness of Respondent [Appellant] to Petitioner [Appellee] shall bear interest at the rate of six percent (6%) from May 14, 2015, the date of the entry of the Judgment, until paid.

4.    Payment of the amounts ordered herein are secured by a lien against all accounts standing in the name of Respondent [Appellant] at Edward Jones Investments." 1 CR 59.

**PERTINENT TESTIMONY AND EVIDENCE ADDUCED AT TRIAL**

21.    Appellee retained Attorney Clay Wilder to represent her in the underlying action on a contingency fee arrangement.   1 RR 12.

22.    The retainer contract at issue was entered into on or about March 26, 2013 and purports to entitle Attorney Clay Wilder to a forty percent (40%) attorney fee on "any and all recovery obtained for Client." 2 RR 671 (Plaintiff's Exhibit No. 9).

23.    Appellee and her attorney testified that they understood a forty percent (40%) contingency fee to be a standard contingency fee amount for the recovery of money in litigation in East Texas.  1 RR 12; 1 RR 80:16-25.

24.     Appellee and her attorney testified that they believed Appellee would have been unable to retain Attorney Clay Wilder on an hourly basis to represent her interests in the underlying matter.  1 RR 13:2-17; 1 RR 80:4-15.

25.     After discussing the fact that her prior efforts to obtain a post-decree division of Appellant's retirement benefits in 1993 had been dismissed for want of prosecution, Appellee admitted that she did not ask Appellant to protect her interest in the retirement account in any manner. 1 RR 26:22–27:11.

26.     Appellee never asked Appellant to protect her interest in the retirement account.  Nor did she ask him to pay over her interest in the retirement account after the divorce.[2]  1 RR 27:16-20.

27.     When questioned, Appellee could identify no instance of Appellant being "anything but cooperative" with her attempts to clarify and recover her spousal interest in his retirement account.  1 RR 28:4–29:10.

28.     As of the date of the trial of the underlying matter on April 30, 2015, Appellee could not identify how much of Appellant's retirement account she was entitled to, despite conferring with counsel and an accountant.  1 RR 29:11–30:14.

29.     Appellant had one year of employment in at Eastman Texas in Longview, Texas when the parties were married, fourteen years of employment at

---

[2] This admission is directly contrary to Finding of Fact No. 3.  1 CR 58.

Eastman Texas during the marriage (1974-1988), and another eighteen years of employment at Eastman Texas following the divorce. 1 RR 30:15–32:2. Altogether, Appellant worked for Texas Eastman about thirty-two and one half years. 1 RR 61:7–62: 7.

30. Because Appellee failed to segregate her portion of the retirement funds before Appellant retired in 2006, the parties could not ascertain what her share of the retirement funds was pursuant to the trial court's 1993 ruling without coming back to court. 1 RR 35:20–36:6.

31. Appellant testified that, of the rollover amount deposited with Smith Barney after his retirement in 2006, $306,306 was directly traceable to his employee retirement plan at Texas Eastman. The other $97,400 rolled over into the Smith Barney account was from the Eastman Investment Plan ESOP; a separate retirement saving account which was begun after the parties divorce in 1988. 1 RR 41:13–44:20; 1 RR 54:21–55:8.

32. Appellant admits that Appellee is entitled to a thirty-five percent fractional share of his Eastman Retirement Assistance Plan Pre '98 during the marriage, which lasted for fourteen of the thirty-two and one half years that he worked for Texas Eastman– to-wit: a thirty-five percent share of forty-four percent

of the total amount of the funds rolled over following his retirement in 2006, or approximately $45,000.  1 RR 61:9–63:8.

34.     Petitioner's [Appellee's] trial Exhibit No. 4 summarizes the dates of marriage, dates of employment, and retirement contributions used to calculate the $47,275.20 judgment entered in Appellee's favor.  2 RR 640 (Marked Plaintiff's Exhibit No. 4)

34.     Appellee introduced "Plaintiff's Exhibit No. 6" at trial– a document purporting to be a market report and commercial publication relevant "to address the need to compound this base number [with interest] and go forward."   Appellant objected on the ground of hearsay, and was overruled.  1 RR 72:10–73:14

35.     Appellee deduced from "Plaintiff's Exhibit No. 6" at trial that retirement funds "properly invested" over the period of time between Appellant's retirement on February 1, 2006 and the first quarter of 2015 would have earned 5.56 percent.  1 RR 73:15-22.

36.     Utilizing the 5.56% growth rate, Appellee introduced a summary exhibit purporting to show a total nine year compounded interest amount on the base rate of $29,660.48.  1 RR 73:23–74:8; 2 RR 659-664 (Marked as "Plaintiff's Exhibit No. 7")

-14-

36.     Appellee's Attorney, the Honorable Clay Wilder ("Wilder"), testified in support of the award of attorney fees against Appellant as costs.  1 RR 77:1– 93:6. Mr. Wilder testified substantially as follows:

A.     That he has been a licensed Texas attorney for thirty years, is experienced and familiar with the type of work he performed on behalf of Appellee, and is familiar with the types of fees that are charged for this type of work.  1 RR 77:1-15.

B.     The final hearing on this matter before the trial court took approximately an hour and a half.  1 RR 77:21-23.

C.     The presentation of this matter before the court "required a great deal of work, a great deal of effort on my part, on my office's part, and on my staff's part."  1 RR 77:24-25.

D.     That but for Appellee hiring an attorney to intervene, she would never have recovered her share of the retirement fund. 1 RR 78:1-15.

E.     That records were subpoenaed and obtained from Edward Jones in St. Louis, Missouri and Raymond James at a cost of $300.     1 RR78:20–79:18.

F.     That "multiple hour of effort"... "a great amount of time," was required to do the work necessary to get the case ready for trial. 1 RR 79:20–80:3.

G.     That "there are very standard and acceptable contingent fee rates in East Texas to recover sums of money in litigation is 40 percent." 1 RR 80:16-25.

H.     That Wilder entered a contingent representation contract in this matter with Appellee because at his going standard rate of $200 an hour, "would have exceeded greatly what we believe is the appropriate amount in relation to her claim." 1 RR 80:4-7

I.     That Wilder incurred $1,220.74 in litigation expenses. 1 RR 83:13-17.

J.     That attorney's fees may be awarded in a post-decree division of property pursuant to Texas Family Code 9.205.

37.     On cross-examination, Wilder testified that he previously represented Appellee in the post-decree Motion to Divide Property Not Divided in Divorce in 1993, when the trial court awarded Appellee thirty-five percent of Appellant's retirement fund. 1 RR 84:12-16.

38.     Wilder further testified that Appellee was aware that she was awarded a portion of the Appellant's retirement account at that time. 1 RR 84:1-8

39.    Wilder further testified that the prior action was dismissed for want of prosecution in 1993 and had no explanation for the dismissal except what appeared in the docket.  1 RR 84:12–85:5.

40.    Wilder agreed that "that if a proper qualified domestic relations order had been prepared subsequent to the hearing in October 1993, that that would have disposed of all of these issues and we wouldn't be here today."  1 RR 85:9-14.

41.    The trial court orally found and ruled during the hearing as follows:

A.    There was $306,306.00 in the retirement account when Appellant retired.  1 RR 93:16-18.

B.    "that it was necessary that Appellee have to employ an attorney to sort it all out... so I'm going to award the attorney's fees.  1 RR 94:12-17.

C.    That, "based on the circumstances in this case, and other factors required under the Anderson matter, as well as Section 9.205 of the Family Code," attorney's fees of forty percent are justified. 1 RR 94:18-22.

D.    That judgment in favor of Appellee for $76,935.68, which are traceable to an Edward Jones' account upon which Appellee is granted a lien.  1 RR 94:23–95:2.

E.    That an award of attorney fees in the amount of $30,774.27, enforceable directly by the attorney is appropriate. 1 RR 95:2-5.

## SUMMARY OF THE ARGUMENT

Appellant asserts several arguments in opposition to award of contingent attorney fees in the amount of $30,774.27 herein. As an overriding matter, Appellant believes that the trial court lacked the authority to enter the award of contingent attorney fees as a matter of law for three reasons. First, because such fees are generally not awardable in family law cases. Second, Appellee's petition was a post-decree petition for division of undivided property– subject to the attorney's fee provisions of Family Code § 9.205– in name only, because, the property had in fact already been divided in 1993. And, third, because further action seeking an award of attorney fees for the post-decree division of undivided property was barred by *res judicata*. Moreover, from an equitable perspective, the Appellee's cause of action to identify and encumber funds attributable to the 1993 order of division was only necessary because of Appellee's severe neglect of her own legal interests. Had Appellee not waited almost twenty years to attempt to enter a qualified domestic relations order or otherwise protect her share of the retirement funds, this suit would have been unnecessary.

Furthermore, Appellant asserts that Appellee failed to present sufficient evidence in support of the contingent attorney fee as reasonable and necessary.

Appellant does not appeal the trial court's findings or conclusions in relation to the establishment of the amount awardable to the Appellee from Appellant's retirement account. Appellant does, however, appeal the finding that Appellee's share of the retirement account would have experienced compound growth of 5.56% per year for the nine years after Appellant retired until Appellee sought to claim her share of the funds. Such a finding could only be based upon conclusions which were either not in evidence, or not supported by admissible evidence. In particular, Appellant argues that the trial court erred in admitting an alleged "market report/commercial publication" which purported to establish the growth rate of the fund in the abstract, in the absence of expert testimony to qualify the material under the hearsay exception.

Finally, the Appellant asserts, that even should the judgment be upheld in all other respects, there is no basis in equity to impose a constructive trust upon Appellant's Edward Jones account simply because the funds are traceable to the account. There being no pre-existing fiduciary duty or special relationship imposing an obligation upon the Appellant to safeguard the Appellee's funds– as could have existed by reason of an order from the court had the Appellee not abandoned the 1993 action– there was no lawful basis for imposing such a special remedy.

# ARGUMENT AND AUTHORITIES

## ISSUES PRESENTED

1.  THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE A CONTINGENT ATTORNEY FEE IN A DOMESTIC RELATIONS MATTER.

Whether a party may recover reasonable attorney's fees is a question of law for the trial court which appellate courts review *de novo*. *Brent v. Field*, 275 S.W.3d 611, 621 (Tex. App.-Amarillo 2008, no pet.) (*citing Holland v. Wal-Mart Stores, Inc*., 1 S.W.3d 91, 94, 95 (Tex. 1999)). It has long been the rule in Texas that attorney's fees paid to prosecute or defend a lawsuit cannot be recovered in that suit absent a statute or contract that allows for their recovery. *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006) ("Absent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees."); *Wm. Cameron & Co. v. Am. Sur. Co. of N.Y.*, 55 S.W.2d 1032, 1035 (Tex. Comm'n App. 1932, judgm't adopted) ("It is settled law in this state that, unless provided for by statute or by contract between the parties, attorneys' fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or a suit upon a contract."); *Sherrick v. Wyland*, 14 Tex. Civ. App. 299, 37 S.W. 345, 345 (Tex. Civ. App. 1896) ("It has often been ruled, in this state and elsewhere, that fees of counsel, incurred in prosecuting a suit for or defending against a wrong, are not

ordinarily recoverable as actual damages, because they are not considered proximate results of such wrong."). The rule is known as the American Rule. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res.*, 532 U.S. 598, 602, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) ("[P]arties are ordinarily required to bear their own attorney's fees—the prevailing party is not entitled to collect from the loser.").

A.   CONTINGENT FEES ARE GENERALLY NOT PERMISSIBLE IN FAMILY LAW CASES.

The Texas Rules of Professional Conduct provide that, "A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (e) or other law." TX ST RPC Rule 1.04.  There are, however, certain limitations imposed upon the type of representations which a lawyer may undertake on a contingency fee basis.  For instance, contingent fees are not permissible when representing a defendant in a criminal case. TX ST RPC Rule 1.04(e).  Another such limitation is contained within the Reporter's Notes to Rule 1.04, and provides that "contingent fee arrangements in domestic relations cases are  rarely justified."  TX ST RPC Rule 1.04, n.9.

While there is admittedly not an immediate concern that permitting a twenty year tardy post-decree division of retirement funds will "tend to promote divorce,"

there is similarly no precedent in favor of permitting contingent fee arrangements in a post-decree division of retirement funds. *Id.* Setting such a precedent, particularly under circumstances in which the prevailing party neglected to act to protect her legal interest in previously divided retirement accounts for almost twenty years, seems to run contrary to the intent and purpose of the Texas Rules of Professional Conduct.

B.      APPELLEE CREATED THIS SITUATION BY HER OWN NEGLECT.

The reality of this situation, as acknowledged by counsel for Appellee, is that this entire trial, indeed this entire action, could have been avoided had Appellee acted upon the ruling of the trial court in 1993 when she was awarded a thirty-five percent interest in Appellant's retirement account. Instead of drafting an appropriate order confirming the judgment of the trial court in 1993, or preparing a Qualified Domestic Relations Order (QDRO) to effect the court's ruling and protect her interest in the retirement funds, as is standard practice in Texas divorces, Appellee did nothing. Appellee did nothing despite receiving two separate notices of intent to dismiss the case for want of prosecution. Had Appellee taken any action to protect her interest in the previously adjudicated division of Appellant's retirement fund between rendition of the judgment in 1993 and Appellant's retirement in 2006, this entire case would have been moot.

In addition to acknowledging that this entire situation arose by virtue of her own negligence, Appellee also admitted, contrary to her pleadings and Finding of Fact No. 3, that she never made demand on Appellant to protect or pay over her interest in the retirement funds. To reward Appellee and her counsel for two decades of negligence by awarding Appellee and her counsel a forty percent contingency fee on top of a money judgment is simply unconscionable.

C.    APPELLEE'S CLAIM FOR ATTORNEY FEES IS NOT COGNIZABLE PURSUANT TO FAMILY CODE § 9.205.

Looking past the title given to the Appellee's pleadings to the true nature of the claims and relief Appellee sought in the trial court, it is questionable whether attorney fees are even awardable pursuant to Family Code § 9.205. Family Code § 9.205 applies to post-decree proceedings to "divide property previously undivided." Tex. Fam. Code Ann. § 9.205. In such cases, the court may award reasonable attorney fees. *Id.* However, the evidence at trial, and even the pretrial pleadings of Appellee, reveal that the property sought to be divided– to-wit: the Appellant's Texas Eastman retirement account– had already been divided by the trial court in 1993. As such, Family Code § 9.205 cannot be used to justify the award of attorney fees.

D.	RES JUDICATA BARS THE AWARD OF ATTORNEY FEES TO APPELLEE.

There is no indication in the court's docket notations from 1993 that any attorney fees were awarded to Appellee, let alone a contingent fee. In the absence of such a ruling or order upon Appellee's original motion to divide undivided property, Appellant believes that the trial court's original order in 1993 acts as *res judicata* as to all matters which were actually or which might have been raised in that action, including the determination of whether an attorney's fee should have been awarded to Appellee. *See Day v. Day*, 603 S.W.2d 213, 215 (Tex., 1980) (attempt to relitigate previously divided property barred by *res judicata*.)

The rendition of the judgment of the trial court in 1993, as reflected in the docket notations of the court for the preceding cause, constitutes the final judgment dividing the previously undivided marital property– to-wit: Appellant's Texas Eastman retirement account. *See Wittau v. Storie*, 145 S.W.3d 732, 735 (Tex. App.—Fort Worth 2004, no pet.) (Oral rendition of judgment by the trial court is effective immediately; entry of the written judgment is merely a ministerial act.) Appellee's failure to draft and record an order of judgment following the rendition does not negate the judgment, nor create the authority for the trial court to go back

and make a new ruling on the availability of attorney fees some twenty years later.[3]
*See Id.*, at 735-36. (Only clerical errors may be corrected after entry; not judicial errors.)

For the foregoing reasons, Appellant respectfully asserts that the trial court abused its discretion in awarding contingent attorney fees in this action.

2. THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT THE ATTORNEY'S FEES AWARDED TO APPELLEE IN THE AMOUNT OF $30,774.27 WERE REASONABLE AND NECESSARY.

"Attorney's fees, where recoverable, must be reasonable under the particular circumstances of the case and must have some reasonable relationship to the amount in controversy or to the complexity of the issue to be determined, such as the issue here presented." *Giles v. Cardenas,* 697 S.W.2d 422, 429-430 (Tex.App. 4 Dist.,1985). In determining whether attorney's fees are reasonable, the trial court

_____

[3] An aspect of the court's award of attorney fees for a second division of Appellant's retirement account some twenty years after the first division, which was not explored at trial, but which is nonetheless troubling, is that the same attorney represented Appellee in both 1993 and 2015. This fact suggests that there may have been a prior, controlling attorney-client contract between Appellee and her attorney which obligated Mr. Wilder to perform the post-decree division on a basis other than contingent fee representation. Such revised contracts are subjected to close scrutiny to ensure fairness to the client. In re Wells, 294 Fed. Appx. 841, 845 (5th Cir. 2008).

should consider the factors discussed in *Arthur Anderson & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997):

1. the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

2. the likelihood that the acceptance of the particular employment will preclude other employment;

3. the fee customarily charged in the locality for similar legal services;

4. the amount involved and the results obtained;

5. the time limitations imposed by the client or by the circumstances;

6. the nature and length of the professional relationship with the client;

7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and

8. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered. *See Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997).

Generally, the nature and extent of the attorney's services are expressed by the number of hours and the hourly rate. *Burnside Air Conditioning v. T.S. Young*, 113 S.W.3d 889, 897–98 (Tex.App.-Dallas 2003, no pet.). However, there is no rigid requirement that these facts must be introduced into evidence to support a finding that

attorney's fees are necessary and reasonable. *Id.*; *Hays & Martin, L.L.P. v. Ubinas–Brache, M.D.*, 192 S.W.3d 631, 636 (Tex.App.-Dallas 2006, pet. denied). The trial court can also look at the entire record and the common knowledge of the participants as lawyers and judges, and the relative success of the parties when determining reasonable and necessary attorney's fees. *Burnside Air Conditioning v. T.S. Young*, 113 S.W.3d at 897. Absence of evidence pertaining to the reasonableness factors set forth in TRPC 1.04 and *Arthur Anderson* decision, can invalidate an award of attorney's fees. *Castle Texas Prod. Ltd. P'ship v. Long Trusts*, 134 S.W.3d 267, 278-79 (Tex. App.—Tyler 2003, pet. denied).

The trial or appellate court has the duty to reduce the fee awarded if it is excessive. *Southland Life Ins. Co. v. Norton*, 5 S.W.2d 767 (Tex.Comm'n App.1928, holding approved); *Argonaut Ins. Co. v. ABC Steel Products*, 582 S.W.2d 883 (Tex.Civ.App.—Texarkana 1979, writ ref'd n.r.e.). In determining whether the award is excessive, the reviewing court is entitled to look at the entire record and to view the matter in the light of the testimony, the amount in controversy, the nature of the case, and its common knowledge and experience as lawyers and judges. *Wuagneux Builders, Inc. v. Candlewood Builders, Inc.*, 651 S.W.2d 919, 922 -923 (Tex.App. 2 Dist.,1983).

The trial court stated in its Findings of Fact No. 6 that, "Petitioner incurred reasonable and necessary attorney's fees in connection with recovering her property." The trial court stated in its Conclusion of Law No. 2 that, "Counsel for Petitioner [Appellee] is entitled to recover the sum of $30,774.27 for reasonable attorney's fees, said amount payable to the attorney." The only evidence supporting the amount of the attorney fee awarded was the representation contract itself and the testimony of Wilder regarding the reasonableness and necessity of the contingency fee arrangement.

Attorney Wilder testified that he had thirty years of experience in the type of work for which Appellee retained his services, and that he was familiar with the types of fees that are charged for such work. Appellee and her attorney testified that they understood a forty percent (40%) contingency fee to be a standard contingency fee amount for the recovery of money in litigation in East Texas. Appellee and her attorney testified that they believed Appellee would have been unable to retain Attorney Clay Wilder on an hourly basis to represent her interests in the underlying matter. Attorney Wilder testified that the final hearing of this matter took approximately an hour and a half.

Despite the brief time required to hear the matter, Attorney Wilder assured the trial court that the case "required a great deal of work, a great deal of effort on my

-28-

part, on my office's part, and on my staff's part." 1 RR 77:24-25. Attorney Wilder further described the amount of work performed in relation to the representation as "multiple hours of effort"... "a great amount of time." 1 RR 79:20–80:3.

Attorney Wilder also testified to the need to prepare and review documents obtained via business record subpoenas in advance of the hearing, and approximately $1,200.00 in case expenses, including depositions.

Analyzing Attorney Wilder's time according the *Arthur Anderson* factors produces the following chart:

| Reasonableness Factor | Evidence |
| --- | --- |
| 1. Time and labor, novelty and difficulty, and skill required | Amount of time and labor described as a great deal of work/effort; requisite skill level unclear |
| 2. Preclusion of other employment | None |
| 3. Customary fee charged | None |
| 4. Amount involved; results obtained | See Judgment |
| 5. Time limitations imposed by client or circumstances | None |
| 6. Nature and length of client relationship | At least twenty years |
| 7. Experience, reputation and ability | Thirty years of experience |
| 8. Whether fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered | Fee is contingent upon results; uncertainty not discussed. |

By and large, Attorney Wilder's painted the picture that he undertook the Appellee's representation on a contingency basis due to her need and inability to afford to retain him hourly. Missing from his testimony was information about the prior representation wherein he was retained by the same client to obtain the same division of Appellant's retirement account in 1993, information about the actual hours spent working on the 2015 case, an explanation as to why he characterized this a complex case due to the need to prepare one, perhaps two, business record subpoenas and take a deposition, or any testimony to the effect that it was standard and acceptable practice to take domestic relations work such as this on a contingent fee basis. Appellant will leave it to the review of this Honorable Court to determine if the record herein supports the award of a $30,774.27 attorney's fee under these circumstances. Appellant's position is that even if this were the type of case in which contingent fees were appropriate, the attorney's fee awarded by the trial court is patently excessive given the simplicity of the issues involved and the limited amount of court time required to resolve the issues in dispute.

3.  THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT
    EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT
    RETIREMENT FUNDS AWARDABLE TO APPELLEE WOULD HAVE
    GROWN IN THE AMOUNT OF $29,660.48 BETWEEN 2006 AND 2015.

Appellee introduced "Plaintiff's Exhibit No. 6" at trial– a document purporting

to be a market report and commercial publication relevant "to address the need to

compound this base number [with interest] and go forward."  Appellant objected on

the ground of hearsay, and was overruled, apparently on the ground that Texas Rule

of Evidence 803(17) excepts market reports and similar commercial publications.

Based upon the purported "market report," Appellee deduced at trial that her portion

of the retirement funds "properly invested" over the period of time between

Appellant's retirement on February 1, 2006 and the first quarter of 2015 would have

earned 5.56 percent.  1 RR 73:15-22.  Utilizing the 5.56% growth rate, Appellee

introduced a summary exhibit purporting to show a total nine year compounded

interest amount on the base rate of $29,660.48.  1 RR 73:23–74:8; 2 RR 659-664

("Plaintiff's Exhibit No. 7").

This all seems perfectly reasonable, until one realizes that Appellee failed to

qualify the exhibit under Rule 803(17).  TX R EVID Rule 803(17).  Appellee

produced no evidence that the purported market report was "reliable and regularly

used in a trade or specialized activity by persons so engaged."  *See Patel v.*

*Kuciemba,* 82 S.W.3d 589, 594 (Tex. App.—Corpus Christi 2002, pet. denied). The fact is, that while the Appellee identified what could have been a proper hearsay exception when combined with foundational testimony, there is no evidence whatsoever in the record to support the reliability of the purported market record used to establish the 5.56% rate of return. Moreover, in reviewing the purported market record, it seems quite obvious to Appellant that only an expert used to reading financial reports and projections of this type would be able to say with any certainty what the annual rate of return established by the document would actually be.

There is no question that the purported market report was an out-of-court statement offered by Appellee to prove the truth of the matter asserted. *See* TX R EVID Rule 801. In the absence of foundational testimony to establish reliability and regular use by persons engaged in the financial trades, the document marked at trial as "Plaintiff's Exhibit No. 6" does not qualify for the Rule 803(17) exception to the hearsay rule, and the trial court's admission of the exhibit as evidence of the 5.56% growth rate was error. There being no admissible evidence to substantiate the 5.56% growth rate, or the award of $29,660.48 as "additional damage" during the nine years that Appellant "held" Appellee's money, the trial court's Finding of Fact and Conclusion of Law on that point is clearly erroneous.

4.    THERE IS NO EVIDENCE, OR IN THE ALTERNATIVE, INSUFFICIENT EVIDENCE, TO SUSTAIN THE TRIAL COURT'S FINDING THAT A CONSTRUCTIVE TRUST (OR OTHER LIEN) SHOULD ATTACH TO THE APPELLANT'S FUNDS ON DEPOSIT WITH EDWARD JONES.

The trial court made the following requisite Findings of Fact in favor of impressing a constructive trust upon Appellant's Edward Jones account:

1.    Petitioner [Appellee] was entitled to thirty-five percent (35%) of Respondent's [Appellant's] employment/retirement benefits accumulated during their marriage.

2.    Respondent [Appellant] retired from said employment on February 1, 2006 and completely withdrew one hundred percent (100%) of all said employment/retirement benefits, including those belonging to Petitioner.

3.    Respondent [Appellant] would not deliver Petitioner [Appellee] her share of the asset, despite her demands for payment and held it without authority.

4.    When Respondent [Appellant] retired and withdrew the accounts, Petitioner's [Appellee's] portion thereof was $47,275.20.

Based upon these factual findings, the trial court concluded as a matter of law that, "Payment of the amount ordered herein are secured by a lien against all accounts standing the name of Respondent [Appellant] at Edward Jones Investments."

Arguably missing from Appellee's testimony and case was evidence that Appellant wrongfully took property owned by Appellee. *Baker Botts, L.L.P. v. Cailloux*, 224 S.W.3d 723, 736 (Tex.App.–San Antonio 2007, pet. denied). The Appellee herself admitted that she had failed to segregate her specific interest in the retirement account following the 1993 judgment, or secure a QDRO for the funds. She also admitted to having never asked the Appellant to safeguard or turnover her share of the account. Appellee asserted via argument that Appellant wrongfully withheld Appellee's share of the funds, but the available evidence undermines this assertion.

Also missing from Appellee's case was evidence that Appellant and Appellee were involved in a fiduciary or special relationship in regards to the retirement funds. Such evidence is a prerequisite to the imposition of a constructive trust. *Kostelnik v. Roberts*, 680 S.W.2d 532, 534 (Tex. App.—Corpus Christi 1984), writ refused NRE (Jan. 16, 1985); *Rankin v. Naftalis*, 557 S.W.2d 940, 944 (Tex. 1977). The mere fact that Appellant and Appellee are former spouses with a co-tenancy in a portion of Appellant's retirement account is insufficient to impose a constructive trust upon his accounts. "The mere failure to pay an unsecured debt cannot possibly be grounds for impressing upon real estate a constructive trust." *Landram v. Robertson*, 195 S.W.2d 170, 174 (Tex. Civ. App.—San Antonio 1946), writ refused NRE.

## PRAYER FOR RELIEF

For all reasons set out, Appellant, Geary Lee prays that this Court reverse the orders of the Rusk County Court and Law ordering Appellant to pay an unreasonable and unjust attorney fee, ordering Appellant to pay unproven and unjust prejudgment interest, ordering a constructive trust and equitable lien to be placed upon the retirement funds of Appellant, and reverse such orders in favor of Appellant, or alternatively, remand for new trial in a manner consistent with the law and rulings of this Honorable Court.

Respectfully Submitted,

LAW OFFICES OF JOE SHUMATE
107 N. Main Street
P O Box 1915
Henderson, Texas 75652
Tel: (903) 657-1416
Fax: (903) 655-8211


By: _____
    JOE SHUMATE
    State Bar No. 18327500
    JAMES J. ROSENTHAL
    State Bar No. 24088801
    Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief contains 6,086 words (excluding any caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix). This is a computer-generated document created in WordPerfect, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Date: November 16, 2015

_____
James J. Rosenthal

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon all known counsel of record and/or parties without counsel via:

| | |
|---|---|
| _____ | certified U.S. mail, return receipt requested |
| _____ | hand/messenger delivery |
| _____ | regular first class U. S. mail, postage prepaid |
| __X__ | facsimile transmission or e-service |

Said service being made this 16th day of November, 2015, by sending to:

Clay Wilder
200 N. Main Street
Henderson, Texas 75652

_____
JAMES J. ROSENTHAL

# APPENDIX

Exhibit A:   Judgment

Exhibit B:   Texas Rule of Evidence 801

Exhibit C:   Texas Rule of Evidence 802

Exhibit D:   Texas Rule of Evidence 803

Exhibit E:   Texas Rule of Professional Conduct 1.04

NO. 2012-09-449CCL

| | | |
|---|---|---|
| ELIZABETH DEANNE HOLOUBEK, f/k/a ELIZABETH DEANNE LEE | § § § | IN THE COUNTY COURT |
| vs. | § § § § | AT LAW |
| GEARY H. LEE | § | RUSK COUNTY TEXAS |

## JUDGMENT OF THE COURT

On the 30th day of April, 2015, came on to be heard the above titled and referenced cause for final hearing on Division of Property Not Divided on Divorce.

ELIZABETH DEANNE HOLOUBEK, formerly known as, ELIZABETH DEANNE LEE and hereinafter referred to as PETITIONER, appeared in person and by attorney of record, CLAY WILDER, and announced ready for trial. GEARY H. LEE, hereinafter referred to as RESPONDENT, appeared in person and by attorney of record, JOE SHUMATE, and announced ready for trial. No jury was demanded and all questions of fact were submitted to the Court.

The Court, after hearing evidence and the arguments of counsel, is of the opinion that PETITIONER is entitled to recover of and from the RESPONDENT the sum of $76,935.68 in a lump sum payment.

IT IS FURTHER ORDERED that counsel for Petitioner, CLAY WILDER is awarded the sum of $30,774.27 for reasonable attorney's fees. The attorney's fee amount awarded herein is ORDERED to be paid directly to said attorney, who may enforce said Order in his own name by any means available for the enforcement of a judgment for debt.

IT IS FURTHER THE ORDER of this Court that a lien is hereby imposed on those

accounts standing in the name of GEARY H. LEE, Respondent, at Edward Jones Investments to secure payment of those amounts ordered herein.

IT IS FURTHER ORDERED that the Judgment here rendered shall bear interest at the rate of six percent (6 %) from the date of the entry of this Judgment until paid.

All other relief not expressly granted herein is DENIED.

SIGNED this the _14_ day of _____May_____, 2015.

_____
JUDGE PRESIDING

**AGREED AS TO FORM:**

WILDER & WILDER, P.C.
200 North Main
P.O. Box 1108
Henderson, TX 75653-1108
Ph: (903) 657-0561
Fax: (903) 657-5088

By: _____
Clay Wilder
State Bar No. 21462500
ATTORNEY FOR PETITIONER

Law Offices of Joe Shumate
107 North Main
Henderson, TX 75652
Ph: (903) 657-1416
Fax: (903) 655-8211

By: _____
Joe Shumate
State Bar No. 18327500
ATTORNEY FOR RESPONDENT

Page 2 of 2

# Texas Rule of Evidence 801

Rule 801. Definitions That Apply to This Article; Exclusions from Hearsay

(a) Statement. "Statement" means a person's oral or written verbal expression, or nonverbal conduct that a person intended as a substitute for verbal expression.

(b) Declarant. "Declarant" means the person who made the statement.

(c) Matter Asserted. "Matter asserted" means:

(1) any matter a declarant explicitly asserts; and

(2) any matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief about the matter.

(d) Hearsay. "Hearsay" means a statement that:

(1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement.

(e) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

(1) A Declarant-Witness's Prior Statement. The declarant testifies and is subject to cross-examination about a prior statement, and the statement:

(A) is inconsistent with the declarant's testimony and:

(i) when offered in a civil case, was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition; or

(ii) when offered in a criminal case, was given under penalty of perjury at a trial, hearing, or other proceeding--except a grand jury proceeding--or in a deposition;

(B) is consistent with the declarant's testimony and is offered to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

(C) identifies a person as someone the declarant perceived earlier.

(2) An Opposing Party's Statement. The statement is offered against an opposing party and:

(A) was made by the party in an individual or representative capacity;

(B) is one the party manifested that it adopted or believed to be true;

(C) was made by a person whom the party authorized to make a statement on the subject;

(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

(3) A Deponent's Statement. In a civil case, the statement was made in a deposition taken in the same proceeding. "Same proceeding" is defined in Rule of Civil Procedure 203.6(b). The deponent's unavailability as a witness is not a requirement for admissibility.

# Texas Rule of Evidence 802

Rule 802. The Rule Against Hearsay

Hearsay is not admissible unless any of the following provides otherwise:

• a statute;
• these rules; or
• other rules prescribed under statutory authority.

Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay.

# Texas Rule of Evidence 803(17)

Rule 803. Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

...

(17) Market Reports and Similar Commercial Publications. Market quotations, lists, directories, or other compilations that are generally relied on by the public or by persons in particular occupations.

# Texas Rule of Professional Conduct 1.04

(a) A lawyer shall not enter into an arrangement for, charge, or collect an illegal fee or unconscionable fee. A fee is unconscionable if a competent lawyer could not form a reasonable belief that the fee is reasonable.

(b) Factors that may be considered in determining the reasonableness of a fee include, but not to the exclusion of other relevant factors, the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

(c) When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

(d) A fee may be contingent on the outcome of the matter for which the service is rendered, except in a matter in which a contingent fee is prohibited by paragraph (e) or other law. A contingent fee agreement shall be in writing and shall state the method by which the fee is to be determined. If there is to be a differentiation in the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial or appeal, the percentage for each shall be stated. The agreement shall state the litigation and other expenses to be deducted from the recovery, and whether such expenses are to be deducted before or after the contingent fee is calculated. Upon conclusion of a contingent fee matter, the lawyer shall provide the client with a written statement describing the outcome of the matter and, if there is a recovery, showing the remittance to the client and the method of its determination.

(e) A lawyer shall not enter into an arrangement for, charge, or collect a contingent fee for representing a defendant in a criminal case.

(f) A division or arrangement for division of a fee between lawyers who are not in the same firm may be made only if:

(1) the division is:

(i) in proportion to the professional services performed by each lawyer; or

(ii) made between lawyers who assume joint responsibility for the representation; and

(2) the client consents in writing to the terms of the arrangement prior to the time of the association or referral proposed, including:

(i) the identity of all lawyers or law firms who will participate in the fee-sharing agreement, and

(ii) whether fees will be divided based on the proportion of services performed or by lawyers agreeing to assume joint responsibility for the representation, and

(iii) the share of the fee that each lawyer or law firm will receive or, if the division is based on the proportion of services performed, the basis on which the division will be made; and

(3) the aggregate fee does not violate paragraph (a).

(g) Every agreement that allows a lawyer or law firm to associate other counsel in the representation of a person, or to refer the person to other counsel for such representation, and that results in such an association with or referral to a different law firm or a lawyer in such a different firm, shall be confirmed by an arrangement conforming to paragraph (f). Consent by a client or a prospective client without knowledge of the information specified in subparagraph (f)(2) does not constitute a confirmation within the meaning of this rule. No attorney shall collect or seek to collect fees or expenses in connection with any such agreement that is not confirmed in that way, except for:

(1) the reasonable value of legal services provided to that person; and

(2) the reasonable and necessary expenses actually incurred on behalf of that person.

(h) Paragraph (f) of this rule does not apply to payment to a former partner or associate pursuant to a separation or retirement agreement, or to a lawyer referral program certified by the State Bar of Texas in accordance with the Texas Lawyer Referral Service Quality Act, Tex. Occ. Code 952.001 et seq., or any amendments or recodifications thereof.